IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHAYWANA MICHELLE WILSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NANCY A. BERRYHILL[1], ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Case No. 4:17-cv-00389-MDH-SSA |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S. §§ 1381, *et seq.* and Social Security Disability Insurance (SSDI) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the files and records, the Court finds the decision of the Commissioner is supported by substantial evidence in the record as a whole and the decision is **AFFIRMED**.

## I. STANDARD OF REVIEW

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. Nancy A. Berryhill became the new Acting Commissioner of Social Security on January 23, 2017.

person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007). "If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009) (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)). Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007).

**BACKGROUND**

The procedural history, facts, and issues of this case are contained in the record and the parties' briefs, so they are not repeated here. The ALJ found Plaintiff suffered from the following severe impairments: moderate bilateral hip osteoarthritis; mild shoulder osteoarthritis; bilateral knees degenerative disc disease; diabetes mellitus, type 2, uncontrolled with neuropathy; obesity, and; carpal tunnel syndrome. After finding Plaintiff's impairments did not meet or equal a listed impairment, the ALJ determined that Plaintiff retained the following residual functional capacity ("RFC"):

> [C]laimant has the residual functional capacity to lift and carry 10 pounds occasionally and less than 10 pounds frequently; sit for 6 hours and stand and/or walk for 2 hours in an 8-hour workday; and sit 6 hours in an 8-hour workday. As regards to manipulative limitations, as for reaching overheard she could reach

overhead left occasionally and reach all other left occasionally. She can occasionally climb ramps and stairs, never climb ladders or scaffolds, never balance, occasionally stoop, never kneel, never crouch, and never crawl. She should never be exposed to unprotected heights, never be exposed to moving mechanical parts. She could occasionally be limited to push and pull at 10 pounds on an occasionally basis, but never with the upper left extremity. Finally, she should be limited to jobs that can be performed while using a hand held assistive device that should be used at all times while standing.

The ALJ concluded that Plaintiff is unable to perform past relevant work but is not disabled because she can perform jobs that exist in significant numbers in the national economy, including representative occupation of surveillance system monitor. Plaintiff argues on appeal that the ALJ's determination is not supported by substantial evidence in the record and that the ALJ did not apply the appropriate legal standards.

## DISCUSSION

After full and careful review of the record and briefs, the Court affirms the decision of the ALJ for the reasons set forth herein.

Plaintiff objects to the ALJ's findings on the basis that the ALJ did not properly perform the disability analysis at step five. The disability determination is made after the ALJ goes through a five-step sequential analysis. At step five, if the claimant cannot perform past relevant work, "the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform." *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). At this step, "the Commissioner has the burden to establish that jobs realistically suited to the claimant's residual functional capabilities are available in the national economy." *Id.* at 1207.

In this case, after questioning and presentation of a hypothetical containing Plaintiff's RFC, the vocational expert testified that Plaintiff could perform only one job: surveillance system monitor (DOT 379.367-010). There are 600 such jobs in Missouri and 35,000 nationally. The Court notes that the number of *types* of jobs a claimant can perform is not relevant to the

3

ultimate issue of whether there is a significant number of jobs that the claimant can perform. *Halliburton v. Colvin*, Case No. 4:14-cv-00268-NKL, 2014 WL 6649150, at *2 (W.D. Mo. Nov. 24, 2014). Furthermore, the number of jobs cited as being available are more than sufficient to meet the significant numbers of jobs requirement. *Id.*; *see also Welsh v. Colvin*, 766 F.3d 926, 930 (8th Cir. 2014) (concluding that 330 jobs available in Iowa and 36,000 available nationally constituted a significant number of jobs).

Plaintiff's objection takes two forms: First, the ALJ misstated Plaintiff's educational level in his findings because he stated in his opinion that Plaintiff completed high school when, in fact, she did not graduate. Second, the ALJ relied on the vocational expert's testimony regarding the availability of the surveillance system monitor occupation without inquiring as to whether such jobs existed in the national economy as described in the DOT.

On the first point, the Court finds the error harmless. During the hearing, the vocational expert heard Plaintiff's testimony that she attended twelfth grade but did not graduate. The ALJ told the vocational expert to take into account Plaintiff's educational level. Thus, there is no reason to conclude that the vocational expert assumed Plaintiff was a high school graduate in rendering an opinion concerning occupational availability. *See Applegate v. Colvin*, Case No.4:12-cv-3029, 2013 WL 1222124, at *11-12 (D. Neb. Mar. 25, 2013) (holding that a similar error was harmless where the vocational expert heard the claimant's testimony concerning claimant's educational levels).

The Court rejects Plaintiff's argument that her reading and language skills are too limited to perform the job of a surveillance system monitor. Plaintiff testified during the hearing that she struggled with reading, math, and science in school. Plaintiff also references her school records, which she claims indicate that her language skills were at a fourth grade level when she was 15

years old. Plaintiff provides no citation to the record for these school records, and the Court has not found them within the record. The Court will not hunt through 572 pages to find a single document that Plaintiff should have cited. Additionally, Plaintiff's prior work history as a childcare provider (DOT 359.677-018) had the same language level requirement as the surveillance system monitor. Furthermore, two of Plaintiff's prior jobs was at the semi-skilled level with SVPs of three and four, while the surveillance system monitor occupation has an unskilled SVP level of two. Finally, Plaintiff did not report significant language problems as a basis for her disability in her function report; her complaints were primarily related to physical limitations.

Lastly, Plaintiff asks this Court to remand her claim to the ALJ because the position of surveillance system monitor has changed since the September 11, 2011, attacks. Plaintiff argues that the position can no longer be performed as described in the DOT because it now required a greater level of skill. Plaintiff claims, without citation to any case law, that an evolution in the performance of this job renders the DOT an unreliable source of evidence. To support her claim that the job has evolved beyond the DOT's description, Plaintiff cites a study published in the Journal of Forensic Vocational Analysis. That study concluded that there was a "0% prevalence of Surveillance system Monitors as it is conventionally described in the DOT." (Pl.'s Br., pg. 16). The Court declines Plaintiff's invitation to remand this matter to the ALJ for a determination of whether the DOT should still apply. "The DOT is the Commissioner's primary source of reliable job information." *Fines v. Apfel*, 149 F.3d 893, 895 (8th Cir. 1998). Furthermore, it is well understood that the DOT is imperfect; it serves as a guide by providing generic descriptions. It is the job of the vocational expert to expand upon the DOT, as necessary. There is no suggestion that the vocational expert's testimony conflicts with the DOT such that the vocational
5

expert's testimony should have been subject to further questioning by the ALJ. The Court is not willing to reverse the ALJ on the basis of evidence not presented to the ALJ or Appeals Council. Plaintiff should have raised this issue in the first instance available, rather than waiting until the matter was on appeal before this Court. Even so, the Court does not find Plaintiff's additional evidence convincing in light of the ALJ's right to rely upon the ALJ and the testimony of the vocational expert.

## CONCLUSION

The Court finds the Commissioner's decision **is** supported by substantial evidence in the record as a whole. Therefore, the Commissioner's denial of benefits is hereby **AFFIRMED**.

**IT IS SO ORDERED**.
Dated: July 9, 2018                                      */s/ Douglas Harpool*
                                                        **DOUGLAS HARPOOL**
                                                        **UNITED STATES DISTRICT JUDGE**